**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000649
30-MAY-2019
08:30 AM**

NO. CAAP-15-0000649

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WAIKOLOA VILLAGE ASSOCIATION,
Plaintiff/Counterclaim Defendant-Appellee, v.
J R & M RESTAURANTS HAWAII LLC,
Defendant/Counterclaim Plaintiff-Appellee,
and
PETER J. LENHART,
Real Party in Interest-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC08-1-118)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Lienor-Appellant Peter J. Lenhart (**Lenhart**), *pro se*,
purports to appeal from an "Order Denying Peter J. Lenhart Esq.'s
Motion to Foreclose Attorney's Lien" filed on June 26, 2008
(**6/26/08 Order**), and an "Order Granting JR&M Restaurants Hawaii
LLC's Motion to Dismiss Attorney's Lien and to Release Settlement
Funds" filed on August 3, 2015 (**8/3/15 Order Dismissing Lien**)
entered by the District Court of the First Circuit, Honolulu
Division (**District Court**).[1]  Lenhart also seeks to challenge

---

[1]  The Honorable Gerald H. Kibe presided with regard to the 6/26/08
Order.  The Honorable Hilary Benson Gangnes presided with regard to the 8/3/15
Order Dismissing Lien.

certain other actions taken by the District Court with regard to his claim for an attorney's lien.

On appeal, Lenhart contends, *inter alia*,[2] that the District Court erred by:

(1) entering a minute order on June 16, 2008 and by entering the 6/26/08 Order;

(2) entering the 8/3/15 Order Dismissing Lien because (a) it is contrary to prior rulings by the District Court, (b) it erroneously concludes a statute of limitations had run on Lenhart's attorney's lien under Hawaii Revised Statutes (**HRS**) §§ 507-81 (2006)[3] and 657-1 (2016),[4] notwithstanding the filing of his Notice of Attorney's Lien, (c) it erroneously concludes the attorney's fees dispute between Defendant-Counterclaim Plaintiff-Appellee J R & M Restaurants Hawaii LLC (**JR&M**) and Lenhart was subject to an arbitration clause in a retainer agreement, and (d) even if the fee dispute is subject to arbitration, the retainer agreement does not proscribe Lenhart from pursuing his attorney's lien remedies under HRS § 507-81;

---

[2] Lenhart asserts numerous points of error, which include various sub-issues, some of which overlap. We summarize his points of error to the extent we can discern that they relate to orders or rulings by the District Court.

[3] We apply the version of HRS § 507-81 that was in effect in 2008, when Lenhart filed his notice of attorney's lien. The relevant portions of HRS § 507-81 are provided, *infra*.

[4] HRS § 657-1 provides, in relevant part:

> § 657-1 **Six years.** The following actions shall be commenced within six years next after the cause of action accrued, and not after:
> (1) Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any debt founded upon any contract, obligation, or liability made pursuant to chapter 577A shall be governed by chapter 577A[.]

(3) entering a minute order on July 6, 2015; and

(4) striking Lenhart's memorandum in opposition to JR&M's motion to dismiss.[5]

For the reasons discussed below, we vacate the 8/3/15 Order Dismissing Lien and remand for further proceedings.

## I. Brief Background

This case was initiated as a summary possession action filed by the Waikoloa Village Association (**Waikoloa**) against JR&M, in which JR&M filed a counterclaim and each party alleged breaches of a lease agreement against the other. Lenhart represented JR&M at the onset of the case and for approximately one-and-a-half years during the litigation. However, Lenhart subsequently withdrew as JR&M's counsel as of March 13, 2008, and a dispute arose regarding payment of Lenhart's attorney's fees.

On March 11, 2008, Lenhart filed his "Notice of Attorneys' Lien" pursuant to HRS § 507-81.

On April 1, 2008, Waikoloa and JR&M (represented by new counsel) entered into a Settlement Agreement resulting in Waikoloa paying $125,000 to JR&M, and the respective claims by the parties were dismissed. The settlement funds were deposited with the court, and the District Court retained jurisdiction regarding the attorney's lien issue.

On May 29, 2008, Lenhart filed a "Motion to Foreclose Attorney's Lien" requesting (1) an order foreclosing on his attorney's lien filed on March 11, 2008, and (2) "an order from the Court (pursuant to [HRS] §507-81) ordering the release and payment over to [Lenhart] of settlement funds in the amount of $125,000.00 deposited by [JR&M.]" Lenhart asserted via his declaration in support of this motion that total attorney's fees

---

[5] Lenhart does not indicate where in the record he objected to the striking of his memorandum in opposition and he does not provide argument in support of this point of error. Therefore, we deem this point waived. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7). As noted by Lenhart, however, he argued his opposition to JR&M's motion to dismiss at a hearing on July 6, 2016, before Judge Gagnes. Thus, we are still able to address many of his arguments in opposing the motion to dismiss.

due and owing for legal services rendered to JR&M and its four members was $224,894.94.

On June 10, 2008, JR&M filed its "Memorandum in Opposition to [Lenhart's] Motion to Foreclose Attorney's Lien with Request for Stay of Proceedings; Demand for Arbitration."

On June 16, 2008, the District Court held a hearing on Lenhart's Motion. At the hearing, the District Court stated there were factual and legal issues to be addressed "if there is going to be a proper basis for the claim of attorney's fees and that the clients who are covered by the fee agreement can be readily identified. There are competing concerns/issues that cannot satisfactorily be addressed, in my view, within the confines of this [Lenhart's Motion]." The District Court thus denied Lenhart's motion "without prejudice to [Lenhart's] pursuing such additional forms of relief as [Lenhart] deem[s] appropriate[.]"

On June 26, 2008, the District Court entered its "Order Denying [Lenhart's] Motion to Foreclose Attorney's Lien (filed March 11, 2008)" (**6/26/08 Order**).

Nearly seven years of inactivity followed the entry of the 6/26/08 Order. Then, on June 15, 2015, JR&M filed its "Motion to Dismiss Attorney's Lien and to Release Settlement Funds" (**Motion to Dismiss**), pursuant to Rule 12(b)(6) of the District Court Rules of Civil Procedure (**DCRCP**).

On July 2, 2015, Lenhart filed his opposition to JR&M's Motion to Dismiss, which the District Court struck as untimely filed.

On July 6, 2015, the District Court held a hearing on JR&M's Motion to Dismiss (**7/6/15 Hearing**). After considering the parties' arguments, the District Court ruled in favor of JR&M.

On August 3, 2015, the District Court entered the 8/3/15 Order Dismissing Lien, ruling that:

> 1. The contract claim dispute between Peter J.
> Lenhart and J R & M Restaurants Hawaii LLC began over seven
> years ago, and J R & M Restaurants Hawaii LLC filed its
> demand for arbitration on June 10, 2008. Over seven years
> have passed since that time, and the six-year statute of
> limitations on the contract claim has expired pursuant to
> Haw. Rev. Stat. § 657-1.

The 8/3/15 Order Dismissing Lien further dismissed Lenhart's attorney's lien against the $125,000 settlement funds, deemed his attorney's lien claim satisfied in full under HRS § 507-81, and ordered the release of the $125,000 settlement funds.

On September 1, 2015, Lenhart appealed.

## II. Jurisdiction

We have appellate jurisdiction to review the 8/3/15 Order Dismissing Lien, but not the 6/26/08 Order or the minute orders referenced in Lenhart's points of error.[6]

## III. Standard of Review

We review a trial court's ruling on a motion to dismiss under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) *de novo*. Wright v. Home Depot U.S.A., Inc., 111 Hawai'i 401, 406, 142 P.3d 265, 270 (2006); see also DCRCP Rule 12(b) cmt. ("Adopts similar language of HRCP Rule 12(b) with changes to gender neutral language.").

## IV. Statute of Limitations

We hold that the District Court erred in its 8/3/15 Order Dismissing Lien by ruling that Lenhart's attorney's lien is barred by the statute of limitations set forth in HRS § 657-1.

HRS § 657-1(1) provides, in relevant part, that "[a]ctions for the recovery of any debt founded upon any contract" shall be "commenced within six years next after the cause of action accrued[.]"

---

[6] Lenhart's appeal is timely as to the 8/3/15 Order Dismissing Lien, but not as to the 6/26/08 Order. HRAP Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."). Moreover, the minute orders referenced in Lenhart's points of error are not appealable orders. Adams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) ("[A] minute order is not an appealable order."). Thus, we lack appellate jurisdiction to review the 6/26/08 Order or the minute orders.

In 2008, when Lenhart filed his attorney's lien, HRS § 507-81 provided in relevant part:

[§507-81] **Attorney's lien upon actions and judgments.** (a) An attorney has a lien upon:

. . .

    (2)    Judgments, decrees, orders, <u>settlements</u>, and awards entered by the court in favor of the client; and

    (3)    Any proceeds paid in satisfaction of the judgment, decree, order, <u>settlement</u>, or award.

    (b)    The lien shall be for:

    (1)    The fees and compensation specifically agreed upon with the client;

    (2)    The reasonable value of the services of the attorney, if there is no fee agreement;

    (3)    Any costs advanced by the attorney; and

    (4)    Any fees or commissions taxed or allowed by the court.

. . . .

    (e)    The attorney's lien on a judgment, decree, order, settlement, or award remains valid as long as the judgment, decree, order, settlement, or award remains valid.

    (f)    <u>To be enforceable under this section, a notice of claim of the attorney's lien shall be filed</u>:

    (1)    Before the complaint is dismissed by stipulation;

    (2)    Before the complaint is dismissed by order of the court; or

    (3)    Not later than one year after entry of final judgment is filed and disposition of any appeal thereof.

. . . .

    (h)    Except as provided by subsections (i) and (j), a party to the action, suit, or proceeding or any other person shall not have the right to discharge or dismiss any judgment, decree, settlement, or award entered in the action, suit, or proceeding until the lien and claim of the attorney for fees based thereon is satisfied in full.

(Emphasis added).[7]

In the instant case, Lenhart filed his Notice of Attorney's Lien on March 11, 2008, while the claims in the case were still pending. Thereafter, the parties do not dispute that JR&M and Waikoloa entered into their Settlement Agreement and on April 1, 2008, stipulated to dismiss their respective claims and counterclaims. On May 29, 2008, Lenhart filed his motion seeking

---

[7]    Subsections (i) and (j) of HRS § 507-81 are not pertinent to this decision.

to foreclose on the lien, which the District Court denied. However, the District Court retained jurisdiction to address the lien.

Given the circumstances in this case, Lenhart timely filed his notice of attorney's lien within the period set forth in HRS § 507-81(f), such that it was enforceable under that statute. It is unclear under HRS § 507-81 whether a statute of limitations, such as under HRS § 657-1(1), would further limit or provide a time bar for pursuing an attorney's lien. HRS §§ 507-81 and 657-1 do not directly address this question. In Gold v. Duncan Ostrander & Dingess, P.C., 143 P.3d 1192, 1193 (Colo. App. 2006), the Colorado Court of Appeals dealt with an attorney's lien and held that "an attorney must enforce a charging lien within the limitations period applicable to enforcement of the underlying debt." The court noted:

> Other jurisdictions have similarly held that the enforcement of a lien for attorney fees is time barred when a claim on the underlying debt has become time barred. See, e.g., Hunstein v. Fiksman, 279 Ga. 559, 615 S.E.2d 526 (2005). But cf. Sheehan v. Estate of Gamberg, 677 P.2d 254, 258 (Alaska 1984) ("In the absence of any expressed statutory limitation it would be improvident for this court to impose any time bar limitation unless the facts clearly indicate the applicability of laches or estoppel.").

Id. at 1194.

We need not resolve whether the limitations period under HRS § 657-1 necessarily applies to Lenhart's attorney's lien because in this case, even assuming HRS § 657-1(1) applies, Lenhart's claim is not time barred. He filed both his notice of attorney's lien and his motion to foreclose on his attorney's lien in 2008, within six years of his cause of action for the unpaid attorney's fees accruing. Thus, Lenhart commenced action within the six years set out in HRS § 657-1.

Accordingly, the District Court erred in ruling that the statute of limitations barred Lenhart from pursuing his attorney's lien claim.

## V. Arbitration

Lenhart argues that Judge Gangnes granted JR&M's Motion to Dismiss based in part on an erroneous determination that Judge Kibe had previously ruled that the lien dispute was subject to arbitration.

At the 7/6/15 Hearing, Judge Gangnes stated:

> THE COURT: And [Judge Kibe] basically said, Your contract has an arbitration provision in it, which -- and [JR&M] made a demand for arbitration, so you all need to arbitrate before I can do anything. I mean, that's my reading of the record.

> . . . .

> THE COURT: There was an arbitration demand presented to Judge Kibe, and then he declined to rule on your motion [to foreclose]. The only reasonable interpretation of what happened then is, that in light of the arbitration clause in the contract, arbitration is what had to happen before the Court can do anything.

> . . . .

> THE COURT: [It was] crystal clear that [JR&M] demanded arbitration. And it's clear to the Court, based on the record of this case, that given that arbitration demand the Court held the settlement funds, and they've stayed there because arbitration was supposed to happen. Otherwise, the Court could have ruled on your lien at the time that -- that you filed your motion [to foreclose.]

Based on our review of the record, it does not appear that Judge Kibe issued a ruling with respect to an arbitration demand by JR&M. In 2008, JR&M's Opposition to Lenhart's Motion to Foreclose included the following: "J R & M Restaurants Hawaii LLC hereby demands arbitration of its fee dispute with Peter J. Lenhart, Esq. pursuant to the arbitration clause in the agreement signed by the parties on or about June 20, 2007."

HRS § 658A-6 (2016) provides that "[t]he court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." Additionally, HRS § 658A-7 provides, in relevant part:

> [§ 658A-7] Motion to compel or stay arbitration. (a) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:

(1) If the refusing party does not appear or does not oppose the motion, <u>the court shall order</u> the parties to arbitrate; and

(2) If the refusing party opposes the motion, <u>the court shall proceed summarily to decide the issue and order the parties to arbitrate</u> unless it finds that there is no enforceable agreement to arbitrate.

. . . .

(e) If a proceeding involving a claim referable to arbitration under an alleged agreement to arbitrate is pending in court, <u>a motion under this section shall be made in that court</u>. Otherwise a motion under this section shall be made in any court as provided in section 658A-27.

(f) If a <u>party makes a motion to the court to order arbitration</u>, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.

(Emphasis added).

JR&M's "demand" for arbitration was not brought as a motion to compel arbitration under HRS § 658A-7. Even if it could be construed as such a motion, Judge Kibe did not issue a ruling on whether the attorney's lien issue should be arbitrated and did not issue an order compelling arbitration. At the June 16, 2008 hearing, Judge Kibe stated:

THE COURT: [. . . .] There are competing concerns/issues that cannot satisfactorily be addressed, in my view, within the confines of this form of motion. So I'm going to deny the motion without prejudice to your pursuing such additional forms of relief as you deem appropriate, whether it be by way of a (indiscernible) action or a differently filed -- or styled request to this Court.

. . . .

THE COURT: You're going to have to look into the matter further and figure out the appropriate way of proceeding. My take on it is this should be resolved on a mutual basis. There are other avenues available, attorney-client fee mediation, through the Bar Association, for example.

. . . .

THE COURT: All right. (Indiscernible), the motion is denied, again, without prejudice.

Based on the foregoing, to the extent that Judge Gangnes dismissed the attorney's lien based on a determination that Judge Kibe had required arbitration, this was in error.

9

## VI.  Laches

In its answering brief, JR&M briefly asserts that Lenhart is precluded from seeking his attorney's fees due to laches.  JR&M did not raise laches in its motion to dismiss filed in the District Court, but argued generally at the 7/6/15 Hearing that it had been prejudiced by Lenhart's delay in pursuing his attorney's fees.  The District Court's 8/3/15 Order Dismissing Lien did not rely on laches, but at the 7/6/15 Hearing the court seemed to indicate that part of its reason for dismissing the attorney's lien was Lenhart's delay in acting, stating:

> THE COURT:  The Court is ready to rule.
> The Court finds here that [JR&M's] motion to dismiss attorney's lien and to release settlement funds, the Court agrees with the argument and authority put forward by the moving party, grants the motion, finds that, Mr. Lenhart, you waited too long in this case to do anything.
> And I could, basically, have it -- a clear demand for arbitration, based on the fee contract drafted by you, presumably, was made on June 10th, 2008.  And even assuming that after 30 days with no response we start the statute of limitations, that would be June -- that would be July 10th, 2008, and we're now at almost seven years, well past the six-year contract statute of limitations.  And the Court's finding that had a separate claim been filed by you, you would have, basically, been told after a year of inactivity that your claim was being dismissed.  All these years, you're the one that is saying you want fees paid.  The Court's finding that you've sat on your rights.  You've waived whatever right you had to collect any fees in this case.  And the Court finds that in this case, viewing the record as it is, that the funds that have been retained by the court, the 125,000-dollar settlement funds, should be released to JR & M Restaurants forthwith.

(Emphasis added).

In reviewing the issue of laches, we consider the following:

> There are two components to laches, both of which must exist before the doctrine will apply. First, there must have been a delay by the plaintiff in bringing his claim, and that delay must have been unreasonable under the circumstances. Delay is reasonable if the claim was brought without undue delay after plaintiff knew of the wrong or knew of facts and circumstances sufficient to impute such knowledge to him. Second, that delay must have resulted in prejudice to defendant. Common but by no means exclusive examples of such prejudice are loss of evidence with which to contest plaintiff's claims, including the fading memories or deaths or material witnesses, changes in the value of the subject matter, changes in defendant's position, and intervening rights of third parties.

10

Ass'n of Apartment Owners of Royal Aloha v. Certified Mgmt., Inc., 139 Hawai'i 229, 234, 386 P.3d 866, 871 (2016) (holding that laches is a defense in all civil actions, not just equitable actions); see also Pelosi v. Wailea Ranch Estates, 91 Hawai'i 478, 491, 985 P.2d 1045, 1058 (1999) ("Lapse of time alone does not constitute laches. Since laches is an equitable defense, its application is controlled by equitable considerations.") (citation omitted).

JR&M's Answering Brief argues, in total, that "the delay resulted in prejudice to [JR&M] (as previously argued by counsel for [JR&M], delay has been fatal to this company[)]" and citing to pages 29-30 of the 7/6/15 Hearing transcript. The following transpired during the cited portions of the hearing, in relevant part:

> THE COURT: Well, why don't you respond to Mr. Lenhart's argument that they can arbitrate now and that there's been no prejudice to your client.
>
> [JR&M COUNSEL]: On that, Your Honor, there has been a great deal of prejudice to my client, and they have waited a long time to resolve this issue. In fact, JR & M needs to settle its affairs because it's been administratively dissolved. This dispute and all of the issues around it have been really fatal to this -- to this company, and very costly, and the members need to resolve and -- and wrap up the issues for the LLC. And it's kind of late to come to the table and say, Now we'd be happy to arbitrate, after six years have already passed. And it would be a great deal of prejudice to my client if they were forced back to the beginning and the six years, you know, started all over again at this point.

JR&M did not present any evidence of prejudice caused by Lenhart's delay in pursuing his attorney's lien, but instead argued prejudice at the 7/6/15 Hearing in a conclusory fashion. We note that, after the District Court denied Lenhart's motion to foreclose on his attorney lien in 2008, neither Lenhart nor JR&M took any action for approximately seven years, until JR&M filed its motion to dismiss in June 2015. JR&M did not establish prejudice from the delay. Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. Of Dirs. v. Venture 15, Inc., 115 Hawai'i 232, 284-85, 167 P.3d 225, 277-78 (2007) (holding that a party's

claim that it had been "severely prejudiced" by the other party's "failure to press its claims in a timely fashion[,]" without evidence that said prejudice was caused by the claimed unreasonable delay, was conclusory and insufficient).

## VII.  Conclusion

Based on the foregoing, the "Order Granting Defendant/Counterclaim Plaintiff J R & M Restaurants Hawaiʻi LLC's Motion to Dismiss Attorney's Lien and to Release Settlement Funds" entered on August 3, 2015, by the District Court of the First Circuit, Honolulu Division, is vacated.

This case is remanded to the District Court for further proceedings consistent with this Memorandum Opinion.

DATED:  Honolulu, Hawaiʻi, May 30, 2019.

On the briefs:

Peter J. Lenhart,
Real Party in Interest-
Appellant.

Robert D. Triantos,
Edmund W.K. Haitsuka,
Catherine L.M. Hall,
for Defendant/Counterclaim
Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

12